UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11965-GAO

COMMONWEALTH OF MASSACHUSETTS,
Plaintiff,

v.

FREMONT INVESTMENT & LOAN AND FREMONT GENERAL CORPORATION,
Defendants.

OPINION AND ORDER
December 26, 2007

O'TOOLE, D.J.

## I.  Background

The Commonwealth of Massachusetts ("the Commonwealth") brought this action in the Massachusetts Superior Court against Fremont Investment & Loan and Fremont General Corporation (collectively "Fremont") alleging that various of Fremont's practices related to sub-prime mortgage loans constituted unfair or deceptive acts or practices in violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2. Fremont removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that a federal question sufficient to support jurisdiction exists because some of the relief sought in the complaint may or does conflict with an FDIC Order to Cease and Desist (the "FDIC Order") entered against Fremont on March 7, 2007.[1] The FDIC Order was issued pursuant to 12 U.S.C. § 1818, which includes the restriction that "no court shall have

---

[1] Specifically, Fremont argues that an order requiring it to "repurchase those Massachusetts loans derived from Fremont's unfair or deceptive acts or practices," or to "modify[] any terms of Fremont's unlawful loan agreements as may be necessary to conform such loan agreements to Massachusetts legal standards of fair dealing and fair lending," as prayed for in the Commonwealth's complaint (Compl. 39.), would conflict with provisions of the FDIC Order.

jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order." 12 U.S.C. § 1818(i)(1). The federal question, according to Fremont, is whether and to what extent the FDIC Order and § 1818(i)(1) limit the relief that may ultimately be granted should the Commonwealth prevail on its complaint.

The Commonwealth has now moved to remand the action for lack of jurisdiction, and has also sought attorneys' fees and expenses relating to the motion to remand. It argues, first, that the federal question posed by Fremont is merely a defense (and therefore insufficient to support subject matter jurisdiction), and second, that no necessary conflict exists between the FDIC Order and the relief sought, because the Savings Clause of the FDIC Order expressly permits the Commonwealth to seek and obtain relief and because it is possible to grant relief of the type sought by the Commonwealth without conflict with the terms of the Order. Because this second argument involves answering the federal question – whether and to what extent the FDIC Order precludes any particular relief that might be sought by the Commonwealth – it can be set aside in favor of this question: Do the state-law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? See Grable & Sons v. Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). As discussed below, I conclude that this case does not pose a federal question that can provide the basis for subject matter jurisdiction.

## II.   Federal-Question Jurisdiction

A state court action may only be removed to federal court if it could originally have been filed in federal court. See 28 U.S.C. § 1441. There is a basis for federal-question jurisdiction, 28 U.S.C.

2

§ 1331, when an action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Fremont, as the removing party, bears the burden of establishing subject matter jurisdiction, and the removal statute must be strictly construed. See, e.g., Danca v. Private Health care Sys. Inc., 185 F.3d 1, 4 (1st Cir. 1999); BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997).

The "well-pleaded complaint" rule requires that the federal question be evident from the "face of the complaint, unaided by the answer or by the petition for removal." Gully v. First National Bank, 299 U.S. 109, 112 (1936); see Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004). It must be an "element, and an essential one" of the cause of action and "[a] genuine and present controversy, not merely a possible or conjectural one…." Gully, 299 U.S. at 112. A defense that raises a federal question is not sufficient to support jurisdiction. Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10 (1983); Louisville & Nashville R.Co. v. Mottley, 211 U.S. 149, 152 (1908). A defense such as federal preemption, therefore, is not a basis for removal, even if the defense is anticipated in the complaint, and even if it is the only true issue in the case. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392–93 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1987).

Where the complaint contains only claims under state law, there are two exceptions to the well-pleaded complaint rule that regard the claim as "arising under" federal law within the meaning of 28 U.S.C. § 1331. If the state-law claims are "so completely pre-empt[ed] … that any civil complaint raising this select group of claims is necessarily federal in character," then it can be the basis for federal-question jurisdiction. Metropolitan Life, 481 U.S. at 63–64. Additionally, by what is sometimes called "federal ingredient" jurisdiction, Rossello-Gonzalez, 398 F.3d at 12, federal-

3

question jurisdiction may exist "if a well-pleaded complaint establishe[s] that [the plaintiff's] right to relief under state law requires resolution of a substantial question of federal law." Franchise Tax. Bd., 463 U.S. at 13.

The First Circuit has noted that this "federal ingredient" theory of jurisdiction is "controversial," and explained that:

> The Supreme Court has periodically affirmed this basis for jurisdiction in the abstract (Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921), is the most famous example), occasionally cast doubt upon it, rarely applied it in practice, and left the scope of the concept unclear. Perhaps the best one can say is that this basis endures in principle but should be applied with caution and various qualifications.

Almond v. Capital Properties, Inc., 212 F.3d 20, 23 (1st Cir. 2000) (footnote omitted).

In Grable, the Supreme Court confirmed that federal cause of action is not always required as a condition for exercising federal-question jurisdiction if significant federal issues are implicated in the plaintiff's state law claims. See id. at 312; e.g. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808–09 (1986); Franchise Tax Bd., 463 U.S. at 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921). The Court held that there was federal-question jurisdiction over a state court action to quiet title where the outcome turned on whether the IRS had failed to notify the plaintiff of the seizure of its property in the exact manner required by 26 U.S.C. § 6335. See 545 U.S. at 311. Grable's claim to superior title was premised on the failure of the IRS to give adequate notice, and accordingly whether the IRS complied with the federal statute was an essential element of the claim. See id. The interpretation of the federal statute prescribing the notice to be given by the IRS was the only issue disputed in the case, and it was an important issue of federal law that merited resolution by a federal court. Id. at 315.     In this case, Fremont has expressly declined to argue preemption as the basis for federal-question jurisdiction. (See Defs.' Consol. Mem.

of Law in Opp. to the Commonwealth's Mot. to Remand, and Mot. for Award of Att'ys Fees and Expenses 2, 12.) Instead, Fremont argues that federal-question jurisdiction exists per Grable, because the whether the equitable relief sought by the Commonwealth is permissible in light of the FDIC Order presents what it claims is a substantial and disputed issue that is necessarily raised by the state-law claim. See id. at 314.

The flaw in Fremont's argument is that, if there is any conflict between the FDIC Order and any relief ultimately awarded in state court, there is a problem only to the extent that the state-awarded relief were to be preempted by the federal statute, 12 U.S.C. 1818(i)(1). Accordingly, the precise outer boundaries of "federal ingredient" jurisdiction need not be delineated here. It suffices to say that Grable does not invade the area of less-than-complete preemption already pronounced an insufficient basis for federal-question jurisdiction See Caterpillar, 482 U.S. at 392–93; Metropolitan Life, 481 U.S. at 63–64. Since Fremont has expressly disavowed any preemption argument (which in any event would likely fail because 12 U.S.C. 1818(i)(1), by its own terms, does not have the extraordinary and complete preemptive force that is required to support federal-question jurisdiction, see Caterpillar, 482 U.S. at 392–93; Metropolitan Life, 481 U.S. at 63–64), there is no basis for this Court to exercise subject matter jurisdiction.

Moreover, even were I to consider the application of the Grable analysis to this case in a vacuum, Fremont's argument is "too much of a stretch to support removal." See Metheny v. Becker, 352 F.3d 458, 461 (1st Cir. 2003) The federal question here does not appear to be a necessary or essential element of the Commonwealth's claim. Rather, it would only arise after the Commonwealth had first succeeded in proving the elements of a violation of Chapter 93A. See Grable, 545 U.S. at 314–15; Gully, 299 U.S. at 112. Regardless of whether the limiting effect of the FDIC Order could

be properly labeled a "defense," it seems clear that if a potential conflict between the relief sought in a state claim and some federal law could support federal-question jurisdiction, there would be a drastic expansion of federal jurisdiction that would have to be judged inconsistent with the Supreme Court's disinclination to "treat[] 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." See Grable, 545 U.S. at 314. It is better to give heed to the First Circuit's monition that this "federal ingredient" theory of jurisdiction should be "applied with caution." Almond, 212 F.3d at 23.

### III.   Attorney Fees and Costs

The Commonwealth also seeks attorneys' fees and expenses pursuant to 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The test for whether awarding fees under § 1447(c) is appropriate is whether the removing party had an "objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Because the issues of federal jurisdiction are so complex — indeed, "a remarkably tangled corner of the law," Almond, 212 F.3d at 22 — it cannot be said that Fremont's arguments, though ultimately incorrect, were objectively unreasonable. An award of fees is not appropriate.

### IV.   Conclusion

For the foregoing reasons, the Commonwealth's Motion to Remand (dkt. no. 4) is GRANTED, and the Clerk is directed forthwith to transmit the case to the Superior Court. The Motion for Award of Attorneys' Fees and Expenses Relating to its Motion to Remand (dkt. no. 6) is DENIED.

It is SO ORDERED.

       /s/ George A. O'Toole, Jr.
       United States District Judge